NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Paulo Portella,<br><br>    Petitioner,<br><br>    v.<br><br>United States of America,<br><br>    Respondent. | Civ. No. 01-00673(WGB)<br><br>MEMORANDUM OPINION |

APPEARANCE:

Paulo Portella
REG. 21717 -050
LSCI-Allenwood
P.O. Box 1000
White Deer, PA 17887
    Petitioner Pro Se

Bruce Repetto
United States Attorney Criminal Division
970 Broad Street
Newark, NJ 07102
    Attorney for Respondent


**Bassler, Senior District Judge:**

    Paulo Portella ("Petitioner") moves to alter or amend this Court's July 10, 2001 Order and Opinion denying Petitioner's motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255.  Petitioner was sentenced to 169 months

imprisonment for conspiracy to distribute and to possess with intent to distribute cocaine.  He argues that the Court should alter or amend the judgment because it violated the standard in Apprendi v. New Jersey, 530 U.S. 466 (2000) and the sentencing statute is unconstitutional.  For the reasons set forth below Petitioner's motion to alter or amend the judgment is **denied**.

I. Background

Portella was convicted on December, 23, 1998 for conspiracy to distribute and to possess with the intent to distribute more than 500 kilograms of cocaine, violating 21 U.S.C. §§ 841 and 846.  He was sentenced to 169 months imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A).

Subsequent to the conviction, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, which was dismissed on July 10, 2001.  Petitioner claimed that under Apprendi, the Court erred by omitting the quantity of cocaine from the indictment, and U.S.C. § 841 was unconstitutional because it allowed a sentencing factor to be proven to a judge by the preponderance of the evidence, instead of to a jury beyond a reasonable doubt.  Portella v. United States of America, 01-cv-673 at 2 (D.N.J. 2001).  The Court held that Apprendi, which was decided after the conclusion of Petitioner's case, did not apply retroactively. See id., at 3-7.  Furthermore, the quantity of cocaine was stated in the indictment

2

and the jury instruction.  Also, because the sentence was not enhanced beyond the statutory maximum, no jury determination of the sentencing factor was necessary.  See id. at 9-13.

On February 18, 2005, Petitioner filed this motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).  He makes the same claims as the previous motion, first, "after Apprendi, a trial court may not use § 841 (b)(1)(A) or § 841(b)(1)(B) for sentencing without drug quantity being charged in the indictment."  Second, United States v. Buckland, 259 F.3d 1157 (9th Cir. 2001) held 28 U.S.C. § 841(b) unconstitutional. Third, under Buckland, Apprendi's standard applies even when the sentence does not exceed the statutory maximum.

II. Discussion

The Court denies Petitioner's motion to alter or amend the judgment on two grounds.  First, because the motion is untimely. Rule 59(e) provides, "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."  A Rule 59(e) motion serves to "correct manifest errors of law or fact or to prevent newly discovered evidence." Tischio v. Bontex, Inc., 16 F.Supp.2d 511, 532 (D.N.J., 1998)(quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d. Cir. 1985)).

Petitioner's motion challenges this Court's July 10, 2001 holding.  The motion was signed on February 14, 2005 and filed on

February 18, 2005.  The motion was signed and filed more than three years after the entry of the judgment. It is untimely.

Second, even if the motion were timely, Petitioner does not raise any of the three reasons which a Rule 59(e) motion can be granted.  The motion may be granted only for one of three reasons: (1) an intervening change in the controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct a clear error of law or prevent manifest injustice.  <u>Id.</u>; <u>Database America v. Bellsouth Advertising & Publishing</u>, 825 F.Supp. 1216, 1220 (D.N.J. 1993).  The motion, however, is not a method to reargue the same arguments presented in a previous motion, or to submit evidence which should have been raised... in an earlier motion. <u>Id.</u>

Petitioner's motion presents no evidence not previously available becoming available, nor the necessity to correct a clear error of law or prevent manifest injustice.  Petitioner's main argument applying the standard in <u>Apprendi</u> was addressed in the July 10, 2001 Opinion.  <u>See</u> <u>Portella</u>, 01-cv-673 at 3-13. Petitioner's claim that <u>Bukland</u>, held § 841(b) unconstitutional can be construed as an intervening change in the controlling law. This claim, however, fails because the Ninth Circuit has withdrawn and vacated the holding.  <u>See</u> <u>United States v. Bukland</u>, 289 F.3d 558, 566 (9th Cir. 2002)(en banc).  In the later

4

opinion, the Ninth Circuit found that § 841 was constitutional when drug quantity and type are "charged in the indictment, submitted to the jury, subject to the rules of evidence and proved beyond a reasonable doubt." Id. at 568. Therefore, there is no valid reason to grant Petitioner's motion.

III. Conclusion

For the reasons set forth in this Memorandum Opinion, Petitioner's motion to alter or amend is denied.

An appropriate Order follows.

/s/ WILLIAM G. BASSLER

United States Senior District Judge

Date: July 11, 2005